IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DALLAS & MAVIS SPECIALIZED CARRIER COMPANY, LLC, a Kentucky limited liability company, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action 3-06CV1922-R |
| PACIFIC MOTOR TRANSPORT COMPANY, d/b/a PACER TRANSPORT, INC. a California corporation, and ELIAS EL TAYSSOUN, d/b/a TAYSSOUN TRANSPORT, an individual | § § § § § § § § | |
| Defendants. | § § | |

### DEFENDANT PACIFIC MOTOR TRANSPORT COMPANY D/B/A PACER TRANSPORT'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Pacific Motor Transport Company d/b/a Pacer Transport ("Pacer"), one of the Defendants in the above-entitled and numbered Civil Action, and files this its Original Answer in response to Plaintiff's Complaint, and in support thereof would respectfully show the Court as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Pacer is without sufficient information to admit or deny the allegations in paragraph 1.

2. Pacer is without sufficient information to admit or deny the allegations in paragraph 2.

3. Pacer denies the allegations in paragraph 3.

    4.    Pacific Motor Transport Company admits that it is qualified to transact business in the State of Texas under the name Pacer Transport, with its principal place of business at 1229 E. Pleasant Run Road, Suite 300, DeSoto, Dallas County, Texas 75115.

    5.    Pacer admits the allegations in paragraph 5.

    6.    Pacer believes the allegations in paragraph 6 are true.

    7.    Pacer admits the court has jurisdiction over this matter.

    8.    Pacer admits venue is proper.

## II. FACTS COMMON TO ALL CLAIMS

    9.    Pacer is without sufficient information to admit or deny the allegations in paragraph 9.

    10.    Pacer is without sufficient information to admit or deny the allegations in paragraph 10.

    11.    Pacer is without sufficient information to admit or deny the allegations in paragraph 11.

    12.    Pacer is without sufficient information to admit or deny the allegations in paragraph 12.

## III. CLAIMS

**A.    BREACH OF CONTRACT BY DEFENDANT TAYSSOUN**

    13.    Pacer incorporates and reurges its responses to paragraphs 1-12.

**DEFENDANT PACER MOTOR TRANSPORT COMPANY d/b/a PACER TRANSPORT'S
ORIGINAL ANSWER**    **Page** 2
1942637.1/SP/63414/0100/110706

14. Pacer is without sufficient information to admit or deny the allegations in paragraph 14.

15. Pacer is without sufficient information to admit or deny the allegations in paragraph 15.

16. Pacer admits the allegations in paragraph 16

17. Pacer is without sufficient information to admit or deny the allegations in paragraph 17.

18. Pacer is without sufficient information to admit or deny the allegations in paragraph 18.

19. Pacer is without sufficient information to admit or deny the allegations in paragraph 19. However, Pacer denies that Plaintiff is entitled to such damages from Pacer.

**B.   TORTIOUS INTERFERENCE BY TAYSSOUN**

20. Pacer incorporates and reurges its responses to paragraphs 1-19.

21. Pacer admits that some shipments which Tayssoun transported under the operating authority of Dallas & Mavis were invoiced by Pacer. Otherwise, Pacer does not have sufficient information to admit or deny the allegations in paragraph 21 as Pacer has never been provided a list of and supporting documents for the "Known Pacer-Billed Shipments."

22. Pacer is without sufficient information to admit or deny the allegations in paragraph 22 as Pacer has never been provided a list of and supporting documents for the "Known Pacer-Billed Shipments."

23. Pacer admits that it invoiced five shipments which Tayssoun apparently moved under the operating authority of Dallas & Mavis. Otherwise, Pacer does not have sufficient information to admit or deny the allegations contained in paragraph 23 as it has never been provided a list of and supporting documents for the "Known Pacer-Billed Shipments."

24. Pacer admits some payments have been made on shipments which Tayssoun moved apparently under the operating authority of Dallas & Mavis but which were invoiced by Pacer. Otherwise, Pacer does not have sufficient information to admit or deny the allegations contained in paragraph 24 as it has never been provided a list of and supporting documents for the "Known Pacer-Billed Shipments."

25. Pacer admits that it paid Tayssoun a percentage of payments Pacer received on some shipments which Tayssoun moved apparently under the operating authority of Davis & Mavis. Otherwise, Pacer is without sufficient information to admit or deny the allegations contained in paragraph 25 as Pacer has never been provided a list of and supporting documents for the "Unbilled Registered Shipments."

26. Pacer is without sufficient information to admit or deny the allegations contained in paragraph 26. However, Pacer denies that Plaintiff is entitled to any such damages from Pacer.

27. Pacer is without sufficient information to admit or deny the allegations contained in paragraph 27. However, Pacer denies that Plaintiff is entitled to any such damages from Pacer, including punitive damages.

### C. TORTIOUS INTERFERENCE BY PACER

28. Pacer incorporates and reurges its responses to paragraphs 1-27.

29. Pacer admits it received a letter dated June 28, 2006 from Dallas & Mavis requesting an accounting or audit of Tayssoun loads from February 1, 2006 through April 1, 2006. Otherwise, Pacer denies the allegations in paragraph 29 including any allegation that Plaintiff has ever provided Pacer a list of and supporting documents for the "Unbilled Registered Shipments" or the "Known Pacer-Billed Shipments."

30. Pacer admits that in a letter dated July 12, 2006, Pacer admitted it invoiced five such shipments and refused to provide an audit of Tayssoun loads from February 1, 2006 through April 1, 2006 and instead requested that Plaintiff provide documents to identify and substantiate any loads Plaintiff believes were improperly billed by Pacer so Pacer could promptly respond. Pacer denies the remaining allegations in paragraph 30.

31. Pacer denies the allegations contained in paragraph 31 including the allegation that Plaintiff is entitled to any such damages from Pacer.

32. Pacer denies the allegations contained in paragraph 32 including the allegation that Plaintiff is entitled to any such damages, including punitive damages, from Pacer.

### D. CIVIL CONSPIRACY BETWEEN PACER AND TAYSSOUN

33. Pacer incorporates and reurges its responses to paragraphs 1-32.

34. Pacer denies the allegations contained in paragraph 34.

35.   Pacer denies the allegations contained in paragraph 35 including any allegation that Plaintiff is entitled to any such damages from Pacer.

36.   Pacer denies the allegations contained in paragraph 36 including any allegation that Plaintiff is entitled to any such damages, including punitive damages, from Pacer.

37.   Pacer denies that Plaintiff is entitled to the relief requested in the Prayer of the Complaint.

## IV.   AFFIRMATIVE DEFENSES

38.   Pleading further and by way of affirmative defense, even if Plaintiff successfully establishes every element of its claim for tortious interference, which Pacer denies, Plaintiff cannot recover because Pacer was privileged and justified to engage in fair competition.

39.   Pleading further and by way of affirmative defense, Plaintiff has failed to state any claim against Pacer upon which relief may be granted.

WHEREFORE, Defendant Pacific Motor Transport Company d/b/a Pacer Transport prays that, upon final hearing hereof, judgment be rendered that Plaintiff takes nothing by its suit, that Defendant recover its costs in this behalf expended, and for such other relief as may be proper.

Respectfully submitted,

**s/ Mark S. Scudder**
**MARK S. SCUDDER**
State Bar No. 17936300
**ANNIE J. JACOBS**
State Bar No. 24050812
**STRASBURGER & PRICE, LLP**
901 Main Street, Suite 4400
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**PACIFIC MOTOR TRANSPORT COMPANY**
**D/B/A PACER TRANSPORT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been forwarded to Plaintiff, via Certified Mail, Return Receipt Requested on this the 7th day of November, 2006 as follows:

R. Richard Love                                                                                                via CMRRR
P. Bradley Bendure
Conner & Winters, LLP
One Williams Center, Suite 4000
Tulsa, OK 74172-0148

Julie E. Heath                                                                                                    via CMRRR
100 Crescent Court, Suite 700
Dallas, TX 75201

s/ Mark S. Scudder

**MARK S. SCUDDER**