## IN THE UNITED STATES DISTRICT COURT IN AND FOR
## THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| DALLAS & MAVIS SPECIALIZED ) <br> CARRIER COMPANY, LLC, a Kentucky ) <br> limited liability company, ) <br> ) <br>         Plaintiff, ) <br> ) <br> v.  ) <br> ) <br> PACIFIC MOTOR TRANSPORT ) <br> COMPANY D/B/A PACER TRANSPORT, ) <br> INC., a California corporation, ) <br> ELIAS EL TAYSSOUN D/B/A ) <br> TAYSSOUN TRANSPORT, an individual, ) <br> and TAYSSOUN TRANSPORTATION, ) <br> INC., a Texas corporation, ) <br> ) <br>         Defendants. ) <br> ) | Case No. 3-06 CV 1922-R <br> Judge Buchmeyer <br> Magistrate Kaplan |

### MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
### AND ENTRY OF AMENDED SCHEDULING ORDER

Plaintiff, Dallas & Mavis Specialized Carrier Company, LLC, ("Plaintiff" or "Dallas & Mavis") files this Motion for Leave to File First Amended Complaint and Entry of Amended Scheduling Order (the "Motion"). For its Motion, Defendant respectfully shows the Court as follows:

1. On or about October 18, 2006, Plaintiff Dallas & Mavis filed its Complaint in the above-captioned matter against Defendants Pacific Motor Transport Company d/b/a Pacer Transport, Inc. ("Pacer") and Elias El Tayssoun d/b/a Tayssoun Transport ("Tayssoun"). This case is herein after referred to as the "Dallas Lawsuit".

2. Plaintiff Dallas & Mavis' Complaint in this matter is based upon Tayssoun's breach of a certain Carrier/Commission Agent Agreement dated April 23, 2003 by and

between Dallas & Mavis and Tayssoun (the "Agent Agreement"). Dallas & Mavis' Complaint also sets forth claims against Tayssoun and Pacer for tortious interference with contractual relations and civil conspiracy.

3. On or about November 2, 2007, prior to filing his Answer in this matter, Tayssoun filed a separate lawsuit in the United States District Court in and for the Southern District of Texas, styled and captioned as follows: *Tayssoun Transportation, Inc. v. Dallas & Mavis Specialized Carrier Company, L.L.C.*, Case No. H-06-3463 (the "Houston Lawsuit").

4. In the Houston Lawsuit, Tayssoun Transportation asserted claims against Dallas & Mavis for breach of a certain Independent Contractor Agreement between the parties. Defendant Pacer was not a party in the Houston Lawsuit.

5. On or about November 27, 2006, Tayssoun filed his Answer in the Dallas Lawsuit.

6. On or about November 7, 2006, Pacer filed its Answer in the Dallas Lawsuit.

7. On or about January 29, 2007, Dallas & Mavis filed a Motion to Transfer in the Houston Lawsuit, based on the first-to-file rule, seeking to transfer of the Houston Lawsuit to United States District Court for the Northern District of Dallas for consolidation with the Dallas Lawsuit.

8. On or about February 13, 2007, Tayssoun filed a Motion before the Joint Panel on Multidistrict Litigation seeking an Order consolidating the Dallas Lawsuit and the Houston Lawsuit for pretrial proceedings in the Southern District of Texas.

9. On or about May 8, 2007, Dallas & Mavis filed its Motion for Leave to File First Amended Complaint (the "Motion for Leave"). See Docket No. 19.

10. On or about May 9, 2007, the Court entered an Order striking Dallas & Mavis' Motion for Leave for failure to comply with the requirement set forth in the Court's Standing Order on Non-Dispositive Motions dated February 6, 2007 (the "Standing Order") regarding attempted resolution by the parties without Court intervention. See Docket No. 20.

11. On or about May 9, 2007, Dallas & Mavis renewed its Motion for Leave, in compliance with the Court's Standing Order. See Docket No. 22.

12. On or about May 10, 2007, the Court entered a Memorandum Order denying Dallas & Mavis' Motion for Leave *without prejudice* pending resolution of the parties' dispute regarding transfer and/or consolidation of the Houston Lawsuit and the Dallas Lawsuit. The Court's Memorandum Order further states that Dallas & Mavis may reurge its Motion for Leave within thirty (30) days, if appropriate, of a decision from the Joint Panel on Multidistrict Litigation. See Docket No. 23.

13. On or about May 22, 2007, United States District Judge for the Southern District of Texas, Honorable David Hittner, entered an Order granting Plaintiff Dallas & Mavis' Motion to Transfer the Houston Lawsuit to the Untied States District Court for the Northern District of Texas. A true and correct copy of Judge Hittner's Order is attached hereto as Exhibit "1".

14. Based on Judge Hittner's Order, on or about May 25, 2007, the Joint Panel on Multidistrict Litigation entered an Order Deeming Motion Moot and Vacating the May 31, 2007 Hearing Session regarding Tayssoun's Motion for consolidation of pretrial proceedings in the Dallas Lawsuit and the Houston Lawsuit in the Southern District of Texas. See Docket No. 24.

15. On or about May 25, 2007, Tayssoun filed an Emergency Motion for Stay or Clarification in the Houston Lawsuit and a Petition for Writ of Mandamus with the United States Court of Appeals for the Fifth Circuit.

16. On or about May 29, 2007, the Fifth Circuit issued an order denying Tayssoun's Petition for Writ of Mandamus. A true and correct copy of the Fifth Circuit's order is attached hereto as Exhibit "2".

17. On or about May 31, 2007, the Houston Lawsuit was transferred to the United States District Court for the Northern District of Texas and assigned case number 07-CV-942.

18. On or about June 13, 2007, the Houston Lawsuit (now case number 07-CV-942 in the United States District Court for the Northern District of Texas) was reassigned by Judge Godbey to Judge Buchmeyer.

19. On or about June 21, 2007, the Houston Lawsuit (case number 07-CV-942) and the Dallas Lawsuit (case number 06-CV-1922) were consolidated by Judge Buchmeyer into case number 06-CV-1922 and case number 07-CV-942 was dismissed. See Docket No. 27.

20. Plaintiff Dallas & Mavis has claims against Tayssoun which arise under the parites' Independent Contractor Agreement. These claims were not pled as counterclaims in the Houston Lawsuit. Rather, they are set forth in Dallas & Mavis's First Amended Complaint which Dallas & Mavis has not yet been granted leave to file. A copy of Dallas & Mavis' proposed First Amended Complaint is attached hereto as Exhibit "3".

21. Per the Scheduling Order governing this case, the current discovery cutoff was June 7, 2007. See Docket No. 12. The parties are in agreement that they will need additional time to conduct discovery on the issues set forth in the Houston Lawsuit and Dallas & Mavis' First Amended Complaint, should Dallas & Mavis be granted leave to file its First Amended Complaint.

22. The parties are working to schedule a private mediation of this matter in July, 2007.

23. On or about June 7, 2007, Dallas & Mavis filed its Motion for Consolidation of Cases, Leave to File First Amended Complaint and Entry of Amended Scheduling Order. See Docket No. 25. On or about June 11, 2007, the Court entered an Order striking Dallas & Mavis' motion for failure to comply with the requirement set forth in the Court's Standing Order on Non-Dispositive Motions dated February 6, 2007 (the "Standing Order") regarding attempted resolution by the parties without Court intervention. See Docket No. 26.

24. Counsel for Dallas & Mavis has contacted both counsel for Pacer and counsel for Tayssoun by telephone and email to determine whether any of the Defendants object to this Motion. Counsel for Pacer does not object. Counsel for Tayssoun does not object to this Motion to the extent is seeks the Court's entry of an amended scheduling order. However, Counsel for Tayssoun does object to this Motion to the extent it requests leave to file a First Amended Complaint. Pursuant to the Court's February 6, 2007 Standing Order on Non-Dispositive Motions, a Joint Status Report regarding the dispute is attached hereto as Exhibit "4".

WHEREFORE, premises considered, Plaintiff Dallas & Mavis respectfully requests that the Court enter an Order: i) granting Plaintiff Dallas & Mavis' Motion for Leave to File First

5

Amended Complaint; and ii) entering an Amended Scheduling Order, together with such further relief as the Court deems just and equitable.

                                      Respectfully submitted,

                                      /s/ P. Bradley Bendure
                                      R. Richard Love, III, OBA #14770
                                      P. Bradley Bendure, OBA #19048
                                      CONNER & WINTERS, LLP
                                      4000 One Williams Center
                                      Tulsa, OK  74172-0148
                                      Telephone: (918) 586-5679
                                      Facsimile: (918) 586-8679
                                      rlove@cwlaw.com
                                      bbendure@cwlaw.com

                                      and

                                      Julie Heath
                                      State Bar No. 0934805
                                      100 Cresent Court, Suite 700
                                      Dallas, TX  75201
                                      Telephone: (214) 459-6029
                                      Facsimile: (214) 459-6601

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 2nd day of July, 2007, a true and correct copy of the foregoing pleading was served via electronic means as listed on the court's ECF noticing system as follows:

Berry Dunbar Bowen
3014 Brazos Street
Houston, TX  77006
bdbowen@houston.rr.com

Thomas Shaw
4414 McMillian Avenue
Dallas, TX  75206
birdshaw@flash.net

Mark S. Scudder
Annie J. Jacobs
Strasburger & Price, LLP
901 Main Street, Suite 4400
Dallas, TX  75202
Mark.Scudder@strasburger.com
Annie.Jacobs@strasburger.com

            /s/ P. Bradley Bendure
            P. Bradley Bendure