IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DALLAS & MAVIS SPECIALIZED CARRIER COMPANY, LLC | § § § | |
| Plaintiff, | § § | NO. 3-06-CV-1922-R |
| VS. | § § | (Consolidated With: |
| PACIFIC MOTOR TRANSPORT COMPANY, ET AL. | § § § | No. 3-07-CV-0942-R) |
| Defendants. | § | |

## **MEMORANDUM ORDER**

Plaintiff Dallas & Mavis Specialized Carrier Company, LLC has filed a motion for leave to amend its complaint and for entry of an amended scheduling order in this consolidated civil action brought against Defendant Pacific Motor Transport Company d/b/a Pacer Transport, Inc. ("Pacer") and Defendant Elias El Tayssoun d/b/a Tayssoun Transport ("Tayssoun"). All parties agree to the entry of an amended scheduling order. However, Tayssoun opposes plaintiff's motion for leave to amend its complaint in order to join Tayssoun Transportation, Inc. ("Tayssoun Transportation") as an additional defendant. The parties have briefed their respective positions in a Joint Status Report filed on July 2, 2007, and this matter is ripe for determination.

A brief recitation of the procedural history of this case is necessary to the disposition of the pending motion. On October 18, 2006, plaintiff sued Pacer and Tayssoun in Dallas federal court for breach of contract, tortious interference, and civil conspiracy. The gravamen of plaintiff's complaint is that Tayssoun unilaterally terminated an agreement to act as its exclusive sales agent for soliciting business and arranging for the transportation of motor freight, and entered into a similar arrangement with Pacer. After the Dallas lawsuit was filed, Tayssoun Transportation sued plaintiff in Houston

federal court for breach of the same agent agreement. Pacer was not a party to the Houston litigation. The two cases proceeded on parallel tracts until May 22, 2007, when the Houston case was transferred to this district for possible consolidation with the Dallas action.[1] Thereafter, on June 21, 2007, the two cases were consolidated into Cause No. 3-06-CV-1922-R. Plaintiff now seeks leave to file an amended complaint in the consolidated action to join Tayssoun Transportation and assert claims for breach of contract, tortious interference, and civil conspiracy against this new party. Tayssoun opposes the motion because the claims plaintiff seeks to add by amendment were compulsory counterclaims in the Houston litigation.[2]

Fed. R. Civ. P. 15(a) allows a party to amend its pleadings with leave of court, "and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Although a district court has broad discretion in deciding whether to grant leave to amend, the Fifth Circuit has long recognized that Rule 15(a) evinces a liberal amendment policy. *See Lowery v. Texas A&M University System*, 117 F.3d 242, 245 (5th Cir. 1997). Thus, leave to amend should be granted almost as a matter of course unless there is: (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) undue prejudice to the opposing party; or (3) the proposed amendment is futile. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993), *citing Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The same liberal standards apply in determining whether leave should be granted to add an omitted counterclaim under Fed. R. Civ. P. 13(f). *See Inline Corp. v.*

---

[1] Shortly after plaintiff filed its motion to transfer the Houston lawsuit to this court, Tayssoun Transportation asked the Joint Panel on Multidistrict Litigation ("JPMDL") to consolidate the two cases for pretrial proceedings in the Southern District of Texas. That request was denied as moot after the Houston case was transferred to Dallas. *In re: Tayssoun Transportation, Inc., et al.*, No. 1847 (JPMDL May 25, 2007).

[2] Tayssoun also objects to plaintiff's motion on the ground that the order consolidating the Houston and Dallas cases is "technically incorrect" to the extent it dismisses the later-filed action. Whatever merit this argument may have, it has no bearing on plaintiff's motion for leave to file an amended complaint.

*Tricon Restaurants Int'l*, No. 3-00-CV-0990-D, 2002 WL 1331885 at *1 (N.D. Tex. Jun. 14, 2002) (Fitzwater, J.).

Tayssoun does not allege, much less prove, undue delay, prejudice, or futility. His only argument is that plaintiff's claims against Tayssoun Transportation were compulsory counterclaims in the Houston litigation. The court initially observes that Tayssoun cites no authority to support this argument. Moreover, the scheduling order in the Houston case established a July 2, 2007 deadline for amending pleadings. Had the case remained in Houston, plaintiff could have sought leave to file a counterclaim against Tayssoun Transportation at any time prior to July 2, 2007. Because plaintiff filed its motion for leave to amend prior to the expiration of the pleading deadline in the transferred Houston case, the court determines that the motion should be granted.

Accordingly, plaintiff's motion for leave to amend its complaint and for entry of an amended scheduling order [Doc. #28] is granted. The clerk is directed to file the amended complaint tendered by plaintiff. The parties shall submit a proposed amended scheduling order to the district judge by **July 13, 2007.**

SO ORDERED.

DATED: July 3, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE