UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DALLAS & MAVIS SPECIALIZED CARRIER COMPANY, LLC, Plaintiff, | § § § § | |
| v. | § | CIVIL ACTION NO. 3:06-CV-1922-O |
| PACIFIC MOTOR TRANSPORT COMPANY D/B/A PACER TRANSPORT, Inc., et al., Defendants. | § § § § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dallas & Mavis Specialized Carrier Company, LLC filed its Notice of Jury Demand and Request for Placement of Case on Court's Jury Docket for Trial (Doc. # 44) on February 6, 2008. On February 13, 2008, the Court entered an order construing Plaintiff's notice as a motion for jury demand and provided the parties an opportunity to submit briefing on this issue. Both sides have fully briefed the issue and the matter is ripe for determination.

Having reviewed the motion, related filings, and applicable law, the Court finds the motion should be and is hereby **GRANTED**.

**I.** **Factual and Procedural Background**

Plaintiff Dallas & Mavis ("Plaintiff") filed suit in this Court on October 18, 2006 against Defendants Pacific Motor Transport Company, d/b/a Pacer Transport ("Pacer") and Elias El Tayssoun, d/b/a Tayssoun Transport ("Tayssoun") for claims arising out of breach of a Carrier/Commission Agent Agreement ("Agent Agreement") between Plaintiff and Tayssoun. Doc. No. 1 (3:06-CV-1922-O) (N.D. Tex. Oct. 18, 2006).

Plaintiff alleges that Defendant Tayssoun breached the Agent Agreement, which provided that Tayssoun was to act as an independent sales agent exclusively for Plaintiff in

soliciting business and arranging for the transportation of freight. *Id*. Plaintiff brings claims for breach of contract and tortious interference arising out of Tayssoun's alleged termination of the Agreement and failure to remit delivery documents necessary for Plaintiff to properly invoice customers for shipments Tayssoun delivered on behalf of Plaintiff. *Id.*

Plaintiff alleges Defendant Pacer tortiously interfered in its contractual relationship with Tayssoun by improperly invoicing shipments made by Tayssoun while under contract with Plaintiff. *Id.* Plaintiff further alleges that Pacer and Tayssoun committed civil conspiracy in its dealings. *Id.*

On June 21, 2007, Defendant Tayssoun Transportation Inc. ("Transportation") was added to this action through consolidation of case number 3:07-CV-942-R. In that suit, Transportation sued Plaintiff for breach of an Independent Contractor Agreement which provided that Transportation was to lease certain tractors and trailers to Plaintiff and perform as an independent contractor to transport freight. Doc. No. 4 (3:07-CV-942-R) (N.D. Tex. Nov. 29, 2006). On July 5, 2007, Plaintiff amended its complaint in this action, adding claims for breach of contract, tortious interference, and civil conspiracy against Transportation. Doc. No. 31 (3:06-CV-1922-O) (N.D. Tex. July 5, 2007).

Plaintiff's original and amended complaints in this action did not include a jury demand. Doc. No. 1 (3:06-CV-1922-O) (N.D. Tex. Oct. 18, 2006); Doc. No. 31 (3:06-CV-1922-O) (N.D. Tex. July 5, 2007). Further, the civil cover sheet submitted by Plaintiff with its original complaint indicates that no jury demand was made. Doc. No. 1 (3:06-CV-1922-O) (N.D. Tex. Oct. 18, 2006). None of the defendants included a jury demand in their answers filed in this cause of action.

Notwithstanding, on February 6, 2008, Plaintiff filed its notice of jury demand and requested that the Court place the case on its jury docket. Plaintiff argues that it is entitled to rely on the jury demand made by Transportation in Civil Action 3:07-CV-942-R before consolidation of that case with the present action. Doc. No. 44 (3:06-CV-1922-O) (N.D. Tex. Feb. 6, 2008). Defendant Pacer opposes this relief, arguing that Plaintiff waived its right to a jury trial and is not entitled to rely upon the jury demand made in 3:07-CV-942-R. Doc. No. 55 (3:06-CV-1922-O) (N.D. Tex. Feb. 26, 2008). Pacer argues that a jury trial would prejudice Pacer because discovery and pre-trial motions were filed under the assumption that there would be a bench trial. *Id.*

Trial is set for this case on the court's four-week docket starting April 7, 2008.

**II.** **Jury Demand and Waiver under Rule 38**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, a demand for a jury must be made not later than ten days after the service of the last pleading directed to such issue. FED. R. CIV. P. 38(b). Failure to make a timely demand results in a waiver of the right to trial by jury. *See* FED. R. CIV. P. 38(d); *Daniel Intern. Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1063 (5th Cir. 1990). Where one party has made a demand for a jury, other parties are entitled to rely on the demand with respect to issues covered by the demand and need not make an independent demand of their own. Fed. R. Civ. P. 38(d); *In re N 500L Cases*, 691 F.2d 15, 22 (1st Cir. 1982); *Rosen v. Dick*, 639 F.2d 82, 91-92 (2nd Cir. 1980). Reliance is limited to those instances when a party may reasonably rely on another's demand and when a second demand would, in fact, be superfluous. *In re N 500L Cases*, 691 F.2d at 22.

In its Notice, Plaintiff states that a proper demand was made in this case, as it is entitled

3

to rely on the jury demand made by Transportation in Civil Action 3:07-CV-942-R before it was consolidated with this action. Doc. No. 44 (3:06-CV-1922-O) (N.D. Tex. Feb. 6, 2008). Pacer responded that Plaintiff has waived its right to a jury, as Plaintiff cannot rely on a demand made by another party in a case later consolidated with this action. Doc. No. 55 (3:06-CV-1922-O) (N.D. Tex. Feb. 26, 2008).

The Court finds that Plaintiff has waived its right to trial by jury in this case. Plaintiff's original complaint, as well as the amended complaint filed after consolidation, did not include any jury demand. On its civil cover sheet, Plaintiff indicated that no jury was demanded. Furthermore, while Plaintiff is entitled to rely on any demands made by other parties in this action, none of the answers filed in this action include a jury demand.

The Court is not persuaded that Plaintiff is entitled to rely on the jury demand made by Transportation in Civil Action 3:07-CV-942-R. Plaintiff has not cited any case where a jury demand in a case later consolidated gave rise to a right to a jury in the resulting action. While there may be situations where such a right exists, this is not that case.

As stated in *In re N 500L Cases*, Plaintiff is only entitled to reasonably rely on another's demand when a second demand would, in fact, be superfluous. 691 F.2d at 22. Here, to the extent Transportation's demand can be considered a "first" demand, a second demand by Plaintiff would not have been superfluous. Pacer and Tayssoun were not parties to Civil Action 3:07-CV-942-R and it cannot be assumed these parties were aware of Transportation's demand in 3:07-CV-942-R. In addition, there is no evidence that Pacer and Tayssoun knew Plaintiff intended to pursue a jury trial, particularly where Plaintiff was not the party who requested a jury in 3:07-CV-942-R and marked that it did not request a jury on the civil cover sheet for this

4

action. The original defendants in this action were not parties to the case in which the demand was made and there is no evidence these parties had notice that Plaintiff intended to rely on a demand that took place in other proceedings. A second demand would not have been superfluous, and Plaintiff is not entitled to rely on Transportation's demand.

In addition, it was not reasonable for Plaintiff to assume it had a right to a jury trial against all defendants on all issues based on Transportation's demand in 3:07-CV-942-R. Even where a demand was made by a party in the same case involving no consolidation, parties are only entitled to rely on the demand of another party with respect to issues covered by the demand. *See In re N 500L Cases*, 691 F.2d at 22. Transportation's demand in 3:07-CV-942-R only covered some of the issues present in this case. Doc. No. 4 (3:07-CV-942-R) (N.D. Tex. Nov. 29, 2006).

In 3:07-CV-942-R, Transportation made claims against Plaintiff (defendant in 3:07-CV-942-R) arising out of an alleged breach of an Independent Contractor Agreement. Doc. No. 4 (3:07-CV-942-R) (N.D. Tex. Nov. 29, 2006). However, in this case, Plaintiff's claims also arise out of the Agent Agreement. Doc. No. 31 (3:06-CV-1922-O) (N.D. Tex. July 5, 2007). In addition, there was not an issue of civil conspiracy in 3:07-CV-942-R, a case involved a single plaintiff suing a single defendant. Therefore, Plaintiff could not have reasonably relied on Transportation's demand with respect to many of the issues in this case.

Thus, to the extent Plaintiff relied on Transportation's demand as providing a right to a jury trial in this case, such reliance was unreasonable and cannot support Plaintiff's claim for a jury demand here. To the extent Transportation's demand can be considered a "first" demand, a second demand by Plaintiff would not have been superfluous. Plaintiff waived its right to a jury

5

trial by not demanding a jury as provided in Rule 38 of the Federal Rules of Civil Procedure. Plaintiff is not entitled to rely on the demand of Transportation, and can only seek a jury at this point in the case through a motion for jury trial under Rule 39(b) of the Federal Rules of Civil Procedure.

**III.    Jury Trial under Rule 39**

Though the Court finds Plaintiff waived its right to a jury trial, Plaintiff asks the Court to exercise its discretion and grant it a jury trial pursuant to Rule 39 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 39(b). Rule 39 provides the court with the discretion to relieve a party from waiver of a jury trial under Rule 38. *See Daniel Intern. Corp.*, 916 F.2d at 1064; FED. R. CIV. P. 39(b). When the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary. *Daniel Intern. Corp.*, 916 F.2d at 1064. A motion for trial by jury under the rule should be favorably received unless there are persuasive reasons to deny it. *Id.*

The Fifth Circuit applies a five-factor test to determine if the exercise of discretion under Rule 39(b) is appropriate. *Id.* The five factors the court must weigh are: (1) whether the case involves issues which are better tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial. *Id.* Application of these factors to the case at bar shows the following:

This case involves claims arising out of contractual disputes. *See* Doc. No. 31 (3:06-CV-1922-O) (N.D. Tex. July 5, 2007). The Fifth Circuit has held that contract disputes are well

6

within the comprehension of a jury. *See Daniel Intern. Corp.*, 916 F.2d at 1064. Thus, the first factor weighs in favor of granting Plaintiff's request for a jury trial on all issues.

Considering the second factor, the Court notes that Plaintiff filed its notice of jury demand on February 6, 2008, just two months before trial. However, since the court sits in Dallas, which has a large jury pool, the Court's schedule will not be disrupted by permitting a jury trial. Defendants have not indicated that their schedules will be disrupted. Thus, this factor weighs in favor of granting Plaintiff's motion.

With regard to the third factor, Defendants Transportation and Tayssoun have not indicated that they would be prejudiced of Plaintiff's motion were granted. However, Pacer has stated that it would be prejudiced because it prepared this case under the assumption that there would be a bench trial. Doc. No. 55 (3:06-CV-1922-O) (N.D. Tex. Feb. 26, 2008). Pacer alleges that since Plaintiff waited until two months before trial to raise the issue of a jury trial, Pacer has prepared much of the case under this assumption, including taking discovery and preparing pre-trial motions. *Id.* Because there is only a slight degree of prejudice to one of the Defendants, this factor does not weigh against granting Plaintiff's motion.

The fourth factor requires the Court to consider the length of delay in making the request for a jury trial. Plaintiff's notice of jury trial was filed nearly sixteen months after the filing of its original complaint, over seven months after consolidation of Civil Action 3:07-CV-942, and only two months before trial. Thus, this factor weighs against granting Plaintiff's motion.

Finally, under the last factor, the Court reviews the movant's explanation for its tardy request. Plaintiff does not specifically state why it waited nearly sixteen months to file its notice of jury demand/motion for jury trial, other than to indicate that it believes it is entitled to rely on

7

the jury demand made by Transportation in Civil Action 3:07-CV-942-R. *See* Doc. No. 44 (3:06-CV-1922-O) (N.D. Tex. Feb. 6, 2008); Doc. No. 53 (3:06-CV-1922-O) (N.D. Tex. Feb. 19, 2008). However, Plaintiff's mistaken belief that it could rely on the request made by Transportation does not excuse its tardiness. Accordingly, this factor weighs against granting Plaintiff's motion.

Considering all factors together in light of the Seventh Amendment fundamental right of trial by jury, the Court finds that, on balance, the factors weigh in favor of granting Plaintiff's motion.

## IV. Conclusion

In sum, the Court finds that Plaintiff failed to make a timely demand for a jury trial under Rule 38 of the Federal Rules of Civil Procedure. However, no strong and compelling reasons exist for denying Plaintiff's Rule 39(b) motion for jury trial. Accordingly, Plaintiff's motion is **GRANTED.**

**SO ORDERED** this 12th day of **March, 2008.**

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**